**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------- X

SELENA RIVERA; and F.R., an infant, by her mother and
natural guardian, LEE ANN HODGE,

                                  Plaintiffs,

      -against-

THE CITY OF NEW YORK, a municipal entity;
NYPD Officer HILTON JEANPIERRE, in his individual
capacity; NYPD Sgt. JULIO ALVAREZ, in his individual
capacity; NYPD Officer LAUREN HABER, in her
individual capacity; NYPD Sgt. BILAL ATES, in his
individual capacity; NYPD Officer JOHN DOE 1 (whose
name is presently unknown), in his individual capacity;
NYPD Officer JOHN DOE 2 (whose name is presently
unknown), in his individual capacity; NYPD Officer
JOHN DOE 3 (whose name is presently unknown), in his
individual capacity; NYPD Officer JOHN DOE 4 (whose
name is presently unknown), in his individual capacity;
and NYPD Officer JOHN DOE 5 (whose name is
presently unknown), in his individual capacity,

                                  Defendants.

----------------------------------------------------------------------- X

**SECOND AMENDED**
**COMPLAINT**

JURY TRIAL DEMANDED

Case No. 17-cv-6674 (FB) (RER)

Plaintiffs SELENA RIVERA and F.R., an infant, by her mother and natural guardian LEE ANN HODGE, by and through their attorneys, Bernstein Clarke & Moskovitz PLLC, for their Second Amended Complaint allege as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiffs Selena Rivera and her sister F.R. bring this civil rights action to vindicate their constitutional and civil rights, which the defendants NYPD officers violated.

2.    The defendant officers arrived at Selena Rivera's home and without a warrant, probable cause, reasonable suspicion, or any known exigency, pursued F.R. into the house and violently pushed her against the wall, and frisked her.  Another defendant violently slammed

Selena Rivera onto the ground before he arrested her along with other defendant officers.  Both Selena Rivera and F.R. suffered physical and emotional injuries as a result of the assault.  Selena Rivera was also falsely arrested and suffered a prolonged deprivation of her freedom.

3.      Plaintiffs seek, among other things, compensatory damages for their physical and mental injuries and for the loss of their freedom, as well as punitive damages for the defendants' egregious misconduct.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to 42 U.S.C. § 1983 for violations of plaintiffs' civil rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

5.      This action also involves violations of plaintiffs' rights under Article 1 §§ 1, 6, and 12 of the New York State Constitution and New York State common law.

6.      This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District, which is the judicial district where the events giving rise to this action took place.

## JURY DEMAND

8.      Plaintiffs demand a trial by jury in this action on each and every one of their claims for which jury trial is legally available.

## THE PARTIES

9.      Plaintiff SELENA RIVERA is a citizen of the United States and of the State of New York.  At all times relevant to this complaint, she resided in the State of New York.

10.      Plaintiff F.R. is a citizen of the United States and of the State of New York.  At all times relevant to this complaint, she resided in the State of New York.

11.     Plaintiff F.R. is an infant and appears herein by and through her mother and natural guardian LEE ANN HODGE.

12.     Lee Ann Hodge is a citizen of the United States and of the State of New York.  At all times relevant to this complaint, she resided in the State of New York.

13.     Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

14.     The City is authorized by law to maintain a police department and does maintain the New York City Police Department (hereinafter referred to as "NYPD").  The NYPD acts as the City's agent and the City assumes the risks incidental to the maintenance of a police department and the employment of police officers.

15.     Upon information and belief, at all relevant times, defendants NYPD Officer Hilton Jeanpierre, Sgt. Julio Alvarez, Officer Lauren Haber, Sgt. Bilal Ates, and NYPD Officers John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, were and are citizens of the United States and the State of New York.

16.     Defendant Officer Hilton Jeanpierre is a black male, approximately 5'7" in height, who, at all times relevant to this complaint, was muscular and in his mid- to late-30s.  He is believed to be of Haitian origin.

17.     Defendant Sgt. Julio Alvarez is a Hispanic male who, at all times relevant to this complaint, was of muscular build, approximately 5'8" in height, with short, spikey black hair, and approximately 35 years old.

18.     Sgt. Bilal Ates appears to be a white male, approximately 6'0" in height, who, at the time of the incident described herein, was stocky, approximately 30 years old, and was wearing an "I ♥ New York" short-sleeved shirt.

19.     Defendant Officer John Doe 1 is a tall, white male who, at the time of the incident described herein, had short dark hair.

20.     Defendant Officer John Doe 2 is a short, white male who, at the time of the incident described herein, was approximately 30 years of age and was in police uniform.

21.     Defendant Officer John Doe 3 is white male, who, at the time of the incident described herein, was in police uniform.

22.     Defendant Officer John Doe 4 is a white male, approximately 6' in height, who, at the time of the incident described herein, was stocky, had blond hair, was approximately in his early 30s, and was wearing a Hawaiian shirt.

23.     Defendant Officer John Doe 5 is a short, white male who, at the time of the incident described herein, was of average build, approximately 30 years old, had short hair, and was wearing a dark, short-sleeved shirt, and a baseball cap.

24.     Defendant Officer Lauren Haber is a female police officer who, at the time of the incident described herein, was in police uniform.

25.     At all relevant times, the defendant officers were employed by the City, acted under color of law and in the course and scope of their duties and authority as officers, agents, servants, and employees of the NYPD and the City.

26.     At all relevant times, the defendant officers violated plaintiffs' clearly established rights under the Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution and Article 1 §§ 1, 6, and/or 12 of the New York State Constitution, of which reasonable law enforcement officers in their respective circumstances would have known were violations of plaintiffs' rights.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

27.     Plaintiffs served a Notice of Claim upon the City by electronic means, as prescribed by the Office of the New York City Comptroller, on November 3, 2016, within ninety days of the events giving rise to plaintiffs' claims.

28.     Plaintiffs received electronic confirmation that their Notices of Claim were received by the New York City Comptroller's Office.

29.     On December 23, 2016, Plaintiff F.R. served an amended Notice of Claim to reflect that F.R. was an infant was represented on the claim by her mother and natural guardian Lee Ann Hodge.

30.     A demand for a General Municipal Law § 50-h examination was served within ninety days of service of plaintiffs' claims.  Plaintiffs have sought and received adjournments of their § 50-h examinations, which are presently scheduled for January 29, 2018.

31.     This action is filed within one year and ninety days of the events giving rise to plaintiffs' claims.

## STATEMENT OF FACTS

32.     Plaintiffs are sisters.

33.     On August 17, 2016, plaintiffs were at 183 Beach 114th Street, which is located in the County of Queens.

34.     Selena Rivera lived at 183 Beach 114th Street with her grandmother.

35.     Plaintiff F.R. frequently visited her sister and grandmother at 183 Beach 114th Street.

36.     Plaintiff Selena Rivera was 18 years old at the time.

37.     Plaintiff F.R. was 14 years old at the time.

38.     Plaintiffs were sitting in front of the house with friends.

39.     Defendants arrived in front of the house.

40.     F.R. went inside the house.

41.     Defendants Jeanpierre and John Doe 1, John Doe 2, and John Doe 3 followed F.R. into the house.

42.     There was no lawful basis for the Defendants to enter the house.

43.     Defendants Jeanpierre and Ates later told investigators from the Internal Affairs Bureau that while they were en route to the location, they received information over the radio that there was a man with a gun at 183 Beach 114th Street and that the man had given the gun to a female who then entered the house at that location.

44.     The assertion by Defendants Jeanpierre and Ates that they had received a radio transmission that a man had given a gun to a female who then entered the house at 183 Beach 114th Street was not true.

45.     Defendants Jeanpierre and Ates were aware that the 911 caller who alleged there was a man with a gun at 183 Beach 114th Street came from a person identified only as "John."

46.     Defendants Jeanpierre and Ates were aware that the 911 caller's callback number went to a fax machine.

47.     Defendants Jeanpierre and Ates were aware that the 911 caller's location was in Brooklyn and that 183 Beach 114th Street was in Queens.

48.     Defendants Jeanpierre and Ates had been to 183 Beach 114th Street before.

49.     Defendants Jeanpierre and, upon information and belief, Defendant Ates were aware that there had been past false 911 calls of a man with a gun at that location.

50.     Even though there was no lawful basis to enter the premises at 183 Beach 114th Street, Defendants Jeanpierre and John Doe 1, John Doe 2, and John Doe 3 entered the house.

51.     Defendant John Doe 1 slammed F.R. against the wall and lifted her arms up behind her back in such a manner that it injured F.R. and caused intense pain to her shoulder.

52.     Defendant John Doe 2 frisked F.R. touching her incidentally on the side of her breasts.

53.     Defendants had no lawful basis to grab or frisk F.R.

54.     Outside, Selena Rivera became distressed and concerned for her sister.

55.     Selena Rivera asked why the officers were handling F.R. so roughly and why they were searching F.R.

56.     Without provocation or justification, defendant Ates slammed Selena Rivera to the ground.

57.     Defendant Ates had arrested Selena Rivera twice before and on both occasions, he slammed her to the ground without justification as he did on August 17, 2016.

58.     On August 17, 2016, Defendant Ates pressed his knee hard into Selena Rivera's kidney causing her intense pain.

59.     Defendants Jeanpierre, Ates, John Doe 4, and John Doe 5 assisted in the arrest of Selena Rivera.

60.     There was not probable cause to arrest Selena Rivera.

61.     Defendants Sgt. Julio Alvarez and Officer Lauren Haber were in close proximity to Selena Rivera while she was being arrested and could have intervened to protect her but did not.

62.     Selena Rivera was handcuffed and placed in a police car.

63.     Defendants Ates and John Doe 4 were in the car with Selena Rivera.

64.     In the car, John Doe 4 cursed at Selena Rivera.

65.     At the time she was arrested, Selena Rivera was wearing only her swimsuit and a T-shirt.

66.     Selena Rivera was taken to the 100th Precinct where she was handcuffed to a pole for several hours.

67.     On August 18, Selena Rivera was charged with Obstructing Governmental Administration, Resisting Arrest, and Disorderly Conduct, under Queens Criminal Court Docket No. 2016QN036876.

68.     The charges were based on false allegations and/or material omissions provided to the prosecutor by defendant Jeanpierre.

69.     These included false allegations that when defendant Jeanpierre was placing handcuffs on Selena Rivera, she "flailed her arms, twisted her body, pulled her arms away from [defendant Jeanpierre,] tensed her arms, and put her arms underneath her body in an attempt to avoid being handcuffed and placed under arrest." These allegations are not true.

70.     Upon information and belief, Officer Jeanpierre did not inform the prosecutor that officers had illegally entered the house at 183 Beach 114th Street and assaulted Selena Rivera's sister, F.R., before Selena Rivera was arrested.

71.     Selena Rivera was forced to return to court numerous times before the charges against her were finally dismissed.

72.     Plaintiffs suffered serious physical injury as a result of the individual defendants' conduct. These injuries caused and continue to cause Plaintiffs substantial pain and suffering.

73.     On August 19, 2016, two days after the incident described, plaintiffs went to the hospital to seek treatment for their injuries.

74.     Selena Rivera was diagnosed with a torn ligament in her ankle.

75.     F.R. suffered an injury to her shoulder, which required her to wear a sling for several weeks.

76.     F.R. was an avid basketball player before this incident, but the injuries she sustained limited with her ability to play basketball and forced her to miss tryouts for a school team.

77.     Plaintiffs also suffered, among other things, the loss of their freedom, embarrassment, humiliation, fear, and the violation of their constitutional rights.

## **SPOLIATION**

78.     The City received Plaintiffs' Notice of Claim less than 80 days after the incident at issue in this case.

79.     The City failed to preserve the audio recording of the 911 call and radio transmissions related to the incident in this case.

80.     After receiving Plaintiffs' Notice of Claim, the City destroyed the audio recording of the 911 call and radio transmissions related to the incident in this case.

## **FIRST CAUSE OF ACTION**
### 42 U.S.C. § 1983 – Unlawful Seizure

81.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

82.     The Defendant officers seized, detained, and/or arrested plaintiffs without reasonable suspicion or probable cause, or were in close proximity to where plaintiffs were seized, detained, and/or arrested and could have intervened to assist them but chose not to.

83.     In committing the acts and omissions complained of herein, the defendant officers acted under color of state law to deprive plaintiffs of their constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

84.     As a direct and proximate result of the defendant officers' deprivation of plaintiffs' constitutional rights, plaintiffs suffered injuries and damages set forth above.

85.     The defendant officers' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**SECOND CAUSE OF ACTION**
42 U.S.C. § 1983 – Excessive Force

86.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

87.     The Defendant officers used unreasonable and excessive force on plaintiffs without lawful justification, or were in close proximity to plaintiffs when the force was used and could have intervened to assist them but chose not to.

88.     In committing the acts and omissions complained of herein, the defendant officers acted under color of state law, individually and in concert, to deprive plaintiffs of their constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure, which includes the right to be free from the use of excessive force.

89.     As a direct and proximate result of the defendant officers' deprivation of plaintiffs' constitutional rights, plaintiffs suffered the injuries and damages set forth above.

90.     The defendant officers' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**THIRD CAUSE OF ACTION**
42 U.S.C. § 1983 – Unlawful Search

91.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

10

92.     Defendants Jeanpierre, John Doe 1, John Doe 2, and John Doe 3 unlawfully entered the premises at 183 Beach 114th Street without a warrant, probable cause, or any known exigency.

93.     In committing the acts and omissions complained of herein, Defendants Jeanpierre, John Doe 1, John Doe 2, and John Doe 3 acted under color of state law to deprive plaintiffs of their constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

94.     As a direct and proximate result of the defendant officers' deprivation of plaintiffs' constitutional rights, plaintiffs suffered injuries and damages set forth above.

95.     The unlawful conduct of Defendants Jeanpierre, John Doe 1, John Doe 2, and John Doe 3 was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**FOURTH CAUSE OF ACTION**
42 U.S.C. § 1983 – Denial of Fair Trial/Fabrication of Evidence

96.     Plaintiff Selena Rivera realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

97.     Defendant Jeanpierre provided the Queens County District Attorney's Office with false allegations about Selena Rivera, and omitted certain other material facts, that would be likely to influence a jury and the prosecutor's decision to prefer charges against Selena Rivera.

98.     By providing these false allegations, and making these material omissions, defendant Jeanpierre caused Selena Rivera to be charged with criminal offenses.

99.     In committing the acts and omissions complained of herein, defendant Jeanpierre acted under color of state law to deprive plaintiff Selena Rivera of her constitutionally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

100.    As a direct and proximate result of defendant Jeanpierre's conduct, plaintiff Selena Rivera suffered injuries and damages set forth above.

101.    The unlawful conduct of defendant Jeanpierre was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### FIFTH CAUSE OF ACTION
Violations of the New York State Constitution

102.    Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

103.    The defendant officers subjected plaintiffs to the foregoing acts and omissions without due process of law, thereby depriving plaintiffs of rights, privileges, and immunities guaranteed by Article 1 §§ 1, 6, and 12 of the New York State Constitution, including, without limitation, the rights and privileges secured to all citizens of the State of New York and the right to due process.

104.    As a direct and proximate result of the defendant officers' deprivations of plaintiffs' rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiffs suffered the injuries and damages set forth above.

105.    Defendant City is vicariously liable for this conduct.

### SIXTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress

106.    Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

107.    Defendants through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally and/or recklessly caused plaintiffs to suffer severe mental and emotional distress, pain and suffering, and damage to name and reputation.

108.    Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiffs' rights and are therefore liable for punitive damages.

109.   As a direct and proximate result of the conduct of defendants, plaintiffs suffered the injuries and damages set forth above.

110.   The City is vicariously liable for this conduct.

### SEVENTH CAUSE OF ACTION
Battery

111.   Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

112.   Defendants Ates, Jeanpierre, John Doe 1, John Doe 2, John Doe 4, and John Doe 5 without just cause, wilfully and maliciously used physical force against plaintiffs, causing them injuries.

113.   Defendants Ates, Jeanpierre, John Doe 1, John Doe 2, John Doe 4, and John Doe 5committed the foregoing acts intentionally, wilfully, and with malicious disregard for plaintiffs' rights, and are therefore liable for punitive damages.

114.   As a direct and proximate result of the conduct of defendants Ates, Jeanpierre, John Doe 1, John Doe 2, John Doe 4, and John Doe 5, plaintiffs suffered the injuries and damages set forth above.

115.   Defendant City is vicariously liable for this conduct.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiffs demand the following relief against the defendants, jointly and severally:

(a)   compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)   punitive damages from the individual defendants to the extent allowable by law;

(c)   attorneys' fees;

(d)   the costs and disbursements of this action;

(e)   interest; and

(f)   such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 8, 2019

BERNSTEIN CLARKE & MOSKOVITZ PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 321-0087

By: _____
      Joshua S. Moskovitz
      Colin Reeves