UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X

SELENA RIVERA; and F.R., an infant, by her mother and natural guardian, LEE ANN HODGE,

          Plaintiffs,

 -against-

THE CITY OF NEW YORK, a municipal entity; NYPD Officer HILTON JEANPIERRE, in his individual capacity; NYPD Sgt. JULIO ALVAREZ, in his individual capacity; NYPD Officer LAUREN HABER, in her individual capacity; NYPD Sgt. BILAL ATES, in his individual capacity; NYPD Officer JOHN DOE 1 (whose name is presently unknown), in his individual capacity; NYPD Officer JOHN DOE 2 (whose name is presently unknown), in his individual capacity; NYPD Officer JOHN DOE 3 (whose name is presently unknown), in his individual capacity; NYPD Officer JOHN DOE 4 (whose name is presently unknown), in his individual capacity; and NYPD Officer JOHN DOE 5 (whose name is presently unknown), in his individual capacity,

          Defendants.

**[PROPOSED AMENDED] INFANT COMPROMISE ORDER**

17-cv-6674 (FB) (RER)

-------------------------------------------------------------------------- X

  The parties having agreed to the settlement of the infant plaintiff's cause of action for the sum of twenty-seven thousand five hundred dollars ($27,500), and it appearing that the best interests of the infant will be served by said settlement, and that the infant was born on May 23, 2002; and

  It appearing that all prerequisites of N.Y. C.P.L.R. §§ 1207 and 1208 have been met, for good cause having been shown to dispense with any particular requirement of New York State Law, pursuant to Local Civil Rule 83.2 of the United States District Court for the Eastern District of New York,

**NOW**, on motion of Bernstein Clarke & Moskovitz, PLLC, attorneys for the infant plaintiff, by Joshua S. Moskovitz, Esq., it is hereby

**ORDERED**, that Lee Ann Hodge, as mother and natural guardian of the infant petitioner, be and hereby is authorized as empowered to settle and compromise the action herein in favor of infant plaintiff, F.R., against defendants for the sum of twenty-seven thousand five hundred dollars ($27,500), and to execute and deliver a general release and an affidavit of liens, and to enter into a settlement agreement to effect such compromise, and to sign all papers necessary in that connection, and it is further

**ORDERED**, that out of the total sum of $27,500.00, Bernstein Clarke & Moskovitz, PLLC, attorneys for infant plaintiff, are entitled to payment of $9,716.13, representing payment for legal fees in connection with representing F.R. and reimbursement for F.R.'s proportional share of the litigation costs herein, and it is further

**ORDERED**, that the balance of the settlement, to wit, seventeen thousand seven-hundred and eighty-three dollars and eighty-seven cents ($17,783.87), shall be distributed as follows: $17,783.87 shall be deposited into an interest-bearing account at an F.D.I.C.-insured bank, to be opened in the guardian's name in trust for the said infant of which the infant plaintiff, F.R., is the sole beneficiary and Lee Ann Hodge as the trustee, upon the following conditions: (a) said bank account shall be fully insured at all times, (b) said amount shall be deposited in an account having the highest yield irrespective of whether it be a savings account, Certificate of Deposit, or other form of time deposit, the date of maturity of said deposit shall not extend beyond the date when said infant attains the age of eighteen (18) years, and upon maturity of said deposits, said funds shall continue to draw interest at the highest available yield, and (d) no withdrawal from said

account shall be permitted until the infant plaintiff reaches the age of eighteen (18) years, except upon further order of this Court; and it is further

**ORDERED**, that all claims concerning the infant plaintiff are resolved by this settlement, and it is further,

**ORDERED**, that this Court shall retain jurisdiction of this matter for the purpose of enforcing the settlement agreements between the infant plaintiff and defendants as referenced herein, and for the purpose of enforcing the settlement agreement between the infant plaintiff and defendants as reference herein, and for the purpose of enforcing or determining any motions concerning the enforcement or modification of this order.

**IT IS FURTHER ORDERED AND ADJUDGED**, that, to the extent necessary, the depository will issue drafts payable to the Internal Revenue Service and the New York State Tax Commission upon presentation of completed forms for future estimated Federal and State income taxes for the infant, together with the depository's passbook.

SO ORDERED

_____
Hon. Ramon E. Reyes